UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELINA RAZAVI,

          Plaintiff,

    v.

LUCKY SUPERMARKET and SAVE MART,

          Defendants.

Case No. 16-cv-05140 NC

**REPORT AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT UNDER 28 U.S.C. § 1915**

Re: Dkt. Nos. 1, 2

    Pro se plaintiff Melina Razavi filed a civil complaint and motion for leave to proceed in forma pauperis on September 6, 2016.  Dkt. Nos. 1, 2.  This order is the Court's initial screening review for civil actions filed in forma pauperis.  For the reasons stated below, I recommend that the District Court Judge (1) GRANT Razavi's application to proceed in forma pauperis, and (2) DISMISS her complaint because it does not establish federal subject matter jurisdiction.

    In her complaint, Razavi states that she was injured in a Lucky Supermarket store on December 6, 2012, when an employee struck her right lower leg with a shopping basket with such force that he "permanently injured and damaged my entire right limb including lower leg, knee, thigh, and hip, causing permanent disability, bruising, swelling, constant excruciating pain, severe strain, deformities, nerve damage, tearing and breakage of tissues, muscles, bones, etc."  Dkt. No. 1 (complaint)  Razavi states that defendants "have

Case No.16-cv-05140 NC

1    violated the ADA or disability law, have defrauded her, and have caused her damages that
2    exceed $75,000.  Dkt. No 1.

3        As a threshold matter, I previously referred this case to District Court Judge Edward
4    Davila for him to determine whether it should be ordered related to case number 16-cv-
5    04119 EJD.  Dkt. No. 5.  That referral is pending.  In the earlier case, Razavi sued the
6    same defendants arising from an injury on the same date.  The claim letter from Razavi
7    attached to both complaints appears to be the same.  On August 31, 2016, Judge Davila
8    dismissed the earlier case without prejudice for lack of federal subject matter jurisdiction.
9    Dkt. No. 10, Case No. 16-cv-04119.

10       The deficiencies in the present complaint were also identified in the earlier
11   complaint. Dkt. Nos. 5, 6, 10, Case No. 16-cv-04119.

12   **I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

13       Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil
14   action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing
15   fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Razavi submitted the
16   required documentation and it is evident from the application that the listed assets and
17   income are insufficient to enable her to pay the filing fees.  Dkt. No. 2.  Accordingly, I
18   recommend that the District Court Judge GRANT Razavi's application to proceed in forma
19   pauperis.

20   **II.   SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

21       A complaint filed by any person proceeding in forma pauperis pursuant to 28
22   U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the
23   Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted,
24   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §
25   1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

26       The Court first considers whether it possesses jurisdiction over this dispute.  The
27   federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized
28   by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

United States District Court
Northern District of California

Case No. 16-cv-05140 NC          2

374 (1978).  The party seeking to invoke federal court jurisdiction (here, plaintiff Razavi) has the burden of establishing that federal subject matter jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  The Court must presume a lack of jurisdiction until the plaintiff establishes otherwise.  *Id.*

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction.  I consider each jurisdictional source in turn.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331.  The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

Here, liberally construing Razavi's complaint, she does not present a federal question sufficient to establish subject matter jurisdiction.  The complaint states that defendants "violated the ADA or disability laws."  The Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. § 12101 et seq.) is a federal law, but Razavi's complaint does not plausibly allege how defendants could be liable under the ADA for her injuries from a shopping basket collision.  For example, to prevail on a Title III discrimination claim under the ADA, Razavi would need to establish that (1) she is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability.  *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12182 (ADA prohibition of discrimination by public accommodations).  As drafted, Razavi's complaint does not establish an ADA claim.

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332.  The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must

1  exceed $75,000.  Corporations are deemed to be citizens of every state in which they are

2  incorporated and where they have their principal place of business.  28 U.S.C. §

3  1332(c)(1).

4           Here, the complaint does not allege the "citizenship" of the corporate defendants

5  Lucky Supermarket and Save Mart, but the letter attached to the complaint lists a corporate

6  office for Lucky in Modesto, California.  Dkt. No. 4 at 4.  If plaintiff and Lucky are both

7  California citizens, then there is no diversity of citizenship.

8           The Court finds that the complaint alleges an amount in controversy exceeding

9  $75,000.

10          In conclusion, I find that Razavi's complaint does not satisfy federal subject matter

11  jurisdiction.  It establishes neither a federal question nor diversity of citizenship.  "If

12  jurisdiction is lacking at the outset, the district court has no power to do anything with the

13  case except dismiss."  *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

14  Therefore, I recommend dismissing the suit for lack of jurisdiction.

15           Even if Razavi were able to establish federal jurisdiction, her complaint would also

16  need to be amended to comply with the pleading rules of Federal Rule of Civil Procedure

17  8.  Rule 8 requires the complaint to contain a short and plain statement of the claim

18  showing the pleader is entitled to relief.  Liberally construed, Razavi's complaint appears

19  to state a claim for negligence under California law against Lucky Supermarket for the acts

20  of its employee.  Less clear is the basis of her claim for fraud and under the ADA.  Also

21  unclear is the basis for her claim for liability against Save Mart.

## III.  CONCLUSION

23           This case will be reassigned to a District Court Judge because not all parties have

24  consented to proceed before a magistrate judge.  Dkt. No. 8.  I RECOMMEND that the

25  District Court Judge (1) GRANT the motion for leave to proceed in forma pauperis; and

26  (2) DISMISS the case for lack of federal subject matter jurisdiction.

27           Any party may object to this recommendation, but must do so within fourteen days

28  of being served.  Fed. R. Civ. P. 72(b).  A failure to file a timely objection will waive any

United States District Court
Northern District of California

Case No. 16-cv-05140 NC                    4

opposition to the recommendation.

Finally, the Court informs Razavi that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated:  October 6, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge